**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| IN RE: EARL GAVIN,<br>a.k.a. BIG E. GAVIN,<br><br>**DEBTOR** | CASE NO 6:24-197-HB<br>CHAPTER 7 |

**MOTION FOR RELIEF FROM**

**AUTOMATIC STAY**

Pursuant to Section 362(d) of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code"), and Bankruptcy Rules 4001 and 9014, Burns Auto Credit, LLC (hereinafter "Movant" or "Burns"), by and through counsel, hereby moves the Court for an Order for Relief from the Automatic Stay provisions of 11 U.S.C. § 362(a).

In support of its Motion, Movant shows unto the Court as follows:

1. On January 17, 2024, the Debtor filed a petition with the United States Bankruptcy Court for the District of South Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. On January 22, 2024, the Debtor filed Form 106Sum with the Court along with Official Forms 106A/B through 106J-2, Form 107, and Form 122.

3. By order of the Court, Debtor was allowed to amend and on March 13, 2024, Debtor filed an amended petition with the United States Bankruptcy Court for the District of South Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

4. This Court has jurisdiction over the Motion pursuant to the provisions of 11 U.S.C. § 362 and Bankruptcy Rules 4001 and 9014.

PAGE 1

5.      John K. Fort, is the duly appointed Trustee in the Debtor's Chapter 7 proceeding.

6.      On or about October 13, 2023, Debtor entered into a Retail Installment Sales Contract for the purchase of a Honda Odyssey whose Vehicle Identification Number is 5FNRL3H45AB111332 (hereinafter "subject motor vehicle") for payments beginning on or about November 10, 2023 to be made bi-weekly (hereinafter "Agreement"). A true and accurate copy of the Agreement is attached hereto and incorporated herein collectively as **Exhibit "A"**.

7.      Pursuant to the terms of the Agreement, Burns maintains a security interest and lien in and upon the collateral for the Agreement, the subject motor vehicle.

8.      Pursuant to the terms of the Agreement, if Debtor does not make his payments on time, Movant is entitled to repossess the subject motor vehicle. Debtor failed to make payments as obligated within the Agreement soon after entering into the Agreement and taking possession of the subject motor vehicle.

9.      Movant's security interest in the subject motor vehicle is memorialized by the filing of Form UCC-1 with the appropriate registry, said UCC-1 identifying the subject motor vehicle and the security interest held by Movant thereby giving public notice of the same. A true and accurate copy of the UCC-1 including receipt of filing is attached hereto and incorporated herein collectively as **Exhibit "B"**.

10.      As a result of Debtor's default of the Agreement through lack of payment, Movant attempted a peaceful recovery of the subject motor vehicle but was informed that Debtor declared bankruptcy and Movant's actions to take possession of the motor vehicle were prohibited by the stay afforded Debtor pursuant to 11 U.S.C. § 362 and that Debtor's continued possession of the vehicle is protected by the bankruptcy stay.

11.      Because of the automatic stay afforded Debtor pursuant to § 362 (a), Debtor is no

PAGE 2

longer subject to Movant's attempts to collect the funds Debtor owes to Movant for the purchase of the subject motor vehicle nor is Debtor subject to Movant's attempts to repossess the subject motor vehicle, the collateral, pursuant to the Agreement and Movant's security interest in the subject motor vehicle.

12. Debtor identified within the Summary section of Form 106Sum, Part 2, the amount of debt owed by him to creditors which is secured by property. Within Schedule A/B Part 2 he identified the subject motor vehicle as a car for which he has an ownership interest.

13. Debtor does not claim within Schedule C any property to be exempt.

14. Debtor identifies Movant as a secured creditor and the subject motor vehicle as the property securing Movant's claim and that the lien is based on Debtor's Agreement with Movant within Schedule D. Debtor also stated within the same schedule that the amount of debt he owes to Petitioner is $12,122.00.

15. Although Debtor retains possession of the subject motor vehicle as collateral for the loan and for which Movant maintains a security interest, Debtor has not entered into any agreement with Movant to continue possession of the vehicle pursuant to 11 U.S.C. § 524(c) nor has Debtor attempted to redeem the subject motor vehicle from the security interest pursuant to 11 U.S.C. § 722.

16. Debtor continues to fail to appear at his regularly scheduled Creditor's Meetings which are then rescheduled over and over.

17. The Trustee requested this court to order Debtor to show cause as to why his petition should not be dismissed due to Debtor's failures to appear at the regularly scheduled Creditor's Meetings.

18. Due to his lack of payments to Movant, the Debtor has very little if any equity in

the personal property at issue herein.

19. The personal property at issue herein is not necessary for an effective liquidation and/or reorganization.

20. Movant has no assurance the collateral for its loan to Debtor, the subject motor vehicle with which Movant maintains a security interest, is not adequately protected from loss or waste due to the continued possession of the subject motor vehicle by Debtor while Debtor's petition is reviewed.

21. As Debtor refuses to surrender, reaffirm his obligations, or redeem the subject motor vehicle from the lien attached, Movant is entitled to Relief from the Stay in order for Movant to regain possession of the subject motor vehicle pursuant to Debtor's agreement to do so.

BASED UPON THE FOREGOING, Movant respectfully prays the Court as follows:

1. The stay imposed by 11 U.S.C. § 362(a) be terminated, annulled, or modified to permit Movant to complete its repossession of the subject motor vehicle;

2. That said relief is immediate;

3. That the fourteen (14) day waiting period of F.R.B.P. 4001(a)(3) does not apply and not be effective as to any Order for relief from stay entered; or, in the alternative, that Movant receive adequate protection from the Debtor;

4. The hearing of this Motion be the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing be consolidated herein and Orders entered accordingly; and

5. For such other and further relief as the Court deems just and proper.

[NOTHING FURTHER THIS PAGE AND SIGNATURE BELOW]

Dated: April 24, 2024

> Respectfully submitted by:
> /s/ Jesse M. Tillman, III
> Jesse M. Tillman, III
> (Fed I.D. 14157)
> (S.C. Bar No. 100419)
> Frost Echols, LLC
> P.O. Box 12645
> Rock Hill, SC 29731
> Phone: (803) 329-8970
> Email: jay.tillman@frostechols.com
> *Attorneys Burn Auto Credit, LLC*
> *and Burns Chevrolet Cadillac, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| IN RE: EARL GAVIN,<br>a.k.a. BIG E. GAVIN,<br><br>**DEBTOR** | CASE NO 6:24-197-HB<br>CHAPTER 7 |

## CERTIFICATE OF SERVICE

I, Jesse M. Tillman, III, attorney for Creditor Burns Auto Credit, LLC, certify that on the 24th day of April, 2024, I served a copy of the foregoing Motion to Lift Automatic Stay and Notice of Motion on the parties in interest by depositing copies hereof in a depository in the exclusive care and custody of the Unted States Postal Service, postage prepaid in envelopes addressed as follows:

Mr. Earl Gavin
507 McCluney Drive
Gaffney, South Carolina 29340

Mr. John K. Fort, Trustee
Post Office Box 669
Landrum, South Carolina 29356

Office of the United States Trustee
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201

APRIL 24, 2024

Respectfully submitted by:
/s/ Jesse M. Tillman, III
Jesse M. Tillman, III
(Fed I.D. 14157)
(S.C. Bar No. 100419)
Frost Echols, LLC
P.O. Box 12645
Rock Hill, SC 29731
Phone: (803) 329-8970
Email: jay.tillman@frostechols.com
*Attorneys Burn Auto Credit, LLC
and Burns Chevrolet Cadillac, Inc.*